UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NATHANIEL WASHINGTON, | CASE NO. CV 16-8312-VAP (PJW) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| ERIC ARNOLD, WARDEN, | |
| Respondent. | |

On November 8, 2016, Petitioner filed a Petition for Writ of Habeas Corpus, challenging his 2013 convictions and sentence in Los Angeles County Superior Court and raising nine grounds of relief. On November 14, 2016, the Court issued an Order to show cause why the petition should not be dismissed for failing to exhaust Grounds Two, Eight, and Nine. The Court also directed Petitioner to delete Ground Three because it did not concern the legality of his conviction or sentence.

On December 5, 2016, Petitioner submitted a second petition, which the Court has construed as his response to its order and labeled "First Amended Petition." The First Amended Petition is identical to the initial petition in all respects, save for the indication that, in November 2016, the California Supreme Court denied Petitioner's

pending petition for review. This means that Ground Nine is now exhausted. Nevertheless, Grounds Two and Eight remain unexhausted, and Petitioner has failed to delete Ground Three, as instructed. Thus, the First Amended Petition is still subject to dismissal as a mixed petition.

The Court will grant Petitioner one final chance to cure the defects in the First Amended Petition. Petitioner may have until **January 31, 2017**, to inform the Court how he wants to proceed. He has the following options:

1. Petitioner may request a stay and abeyance while he exhausts the claims in Grounds Two and Eight in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). If Petitioner wants the Court to grant a stay, however, he must explain that: 1) he has "good cause" for failing to exhaust in state court, 2) the claims are not plainly meritless, and 3) he is not using intentionally dilatory litigation tactics. *Id*. at 278.

2. Petitioner may voluntarily dismiss Grounds Two and Eight and the Court will proceed to the merits of his remaining exhausted claims. If he chooses this option, Petitioner is warned that the Court will likely be foreclosed from considering the dismissed claims in a subsequent petition.

3. Petitioner may request that the entire First Amended Petition be dismissed, without prejudice, so that he can exhaust all of his claims in the state supreme court and then return to this Court with a new petition containing only exhausted claims. If he chooses this option, Petitioner is forewarned that the one-year statute of

limitations continues to run during the pendency of this federal Petition. (The statute would be tolled, however, during the pendency of any "properly filed" habeas petitions in the state courts.)

Whatever Petitioner elects to do, his claim in Ground Three may only be raised in a 42 U.S.C. § 1983 civil rights action in this court and must, therefore, be dismissed. If Petitioner does not respond to this Order with his election by the date set forth above, the Court will recommend that the case be dismissed without prejudice.

IT IS SO ORDERED.

DATED: January 3, 2017.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\WASHINGTON, W 8312\OSC 2d.wpd